IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Edward Smith, | Case No. 3:11 CV 2669 |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Gary Mohr, et al., | |
| Defendants. | |

## INTRODUCTION

*Pro se* Plaintiff Edward Smith filed this action under 42 U.S.C. § 1983 against Ohio Department of Rehabilitation and Correction Director Gary Mohr, Chief Inspector Gary Croft, and the following employees of the Oakwood Correctional Facility: Assistant Food Service Coordinator Belinda Crutcher, Food Service Supervisor Ruth Collopy, Case Manager Susan Lundy, Corrections Officer Edward Fisher, Dr. Perez, Lieutenant Deborah White, Lieutenant Shannon Olds, Captain Lavern Schnipke, Deputy Warden Kevin Jones, Warden John Coleman, Institutional Inspector Paul Custer, Acting Institutional Inspector Mrs. Schaublin, and Major Sheila McNamara. Plaintiff alleges Defendants are not permitting him to purchase kosher food from the commissary while he is in disciplinary segregation. He seeks injunctive and monetary relief.

Along with his Complaint (Doc. 1), Plaintiff filed a Motion for Preliminary Injunction (Doc. 2). For the reasons set forth below, the Motion is denied and this action is dismissed.

**BACKGROUND**

Plaintiff practices Judaism (Doc. 1 at 1). For the past ten years, he has purchased kosher food from the prison commissary (Doc. 1 at 3). According to Plaintiff, he has not asked the prison to provide him with kosher meals because the prison's kosher food is distasteful (Doc. 2 at 2).

On at least three occasions this year, Plaintiff was sent to the segregation unit for conduct offenses. Inmates in segregation are not permitted to make purchases from the commissary or to access personal items stored in their footlockers (Doc. 1-1 at 9). Due to these restrictions, Plaintiff has been unable to purchase commissary food or eat food he has stored in his cell. As an alternative, Plaintiff has been offered kosher meals prepared by the prison, but he has refused them (Doc. 1-1 at 4, 9). He was sent to the segregation unit on November 17, 2011, and is currently held there on a conduct violation. Plaintiff asserts violations of his First, Eighth, and Fourteenth Amendment rights, arguing he has not eaten since his segregation because the prison will not allow him to purchase commissary food or access his footlocker (Doc. 1 at 3).

**STANDARD FOR DISMISSAL**

A district court is expressly authorized to dismiss any civil action filed by a prisoner seeking relief from a governmental entity, as soon as possible after docketing, if the court concludes the complaint lacks an arguable basis in law or fact, if it fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory, or when the factual contentions are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A

pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption all the allegations in the complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949. Offering legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* The court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc*., 151 F.3d 559, 561 (6th Cir.1998).

## ANALYSIS

### Defendants Did Not Violate Plaintiff's Freedom of Religion

Plaintiff primarily alleges prison officials violated his First Amendment right to freely exercise his religion. The First Amendment, which applies to the states through the Fourteenth Amendment, see *Cantwell v. Connecticut*, 310 U.S. 296, 303 (1940), states: "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof." However, because incarceration necessarily places limits on an inmate's freedoms, a delicate balance exists between prisoners' constitutional rights and legitimate security concerns of prison administrators. *In O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987). While inmates retain First Amendment protections -- including freedom of religion -- prison administrators are given "wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Turner v. Safley*, 482 U.S. 78, 89 (1987).

3

In evaluating a claim for the alleged denial of free exercise of religion, this Court must determine if the prison's action "substantially burdened" Plaintiff's sincerely-held religious beliefs. *Flagner v. Wilkinson*, 241 F.3d 475, 481 (6th Cir.2001). A "substantial burden" must be more than an incidental effect on one's religious exercise. *Lyng v. Northwest Indian Cemetery Protective Ass'n*, 485 U.S. 439, 450 (1988). The prison's policy must place significant pressure on an inmate to modify his behavior and violate his religious beliefs. *Id.* If the policy does not "substantially burden" a sincerely-held tenet of Plaintiff's religion, the claim must be dismissed.

Moreover, even if a policy places a substantial burden on Plaintiff's religion, the policy will be upheld as long as it is "reasonably related" to a legitimate penological interest. *Turner*, 482 U.S. at 89. Because prison administrators are given deference, prisoners are not automatically entitled to the best possible means of exercising their religion. *Weinberger v. Grimes*, No. 07-6461, 2009 WL 331632, at *4 (6th Cir. 2009).

Here, Plaintiff has not alleged facts suggesting Defendants are placing a substantial burden on his religious beliefs. Eating kosher food may well be a tenet of Judaism; however, Defendants have not prevented him from observing this practice. While Plaintiff cannot purchase kosher items from the commissary during segregation, Defendants have offered him full kosher meals prepared by the prison. While Plaintiff finds the prison's food distasteful, he has not demonstrated the prison's failure to meet his kosher requirements. A policy does not place a substantial burden on prisoner's religion simply because it limits the prisoner's preferred method of exercising his beliefs. *See Bell v. Wolfish*, 441 U.S. 520, 547 (1979).

4

**Plaintiff Cannot Satisfy His Prima Facie Case for Retaliation**

Plaintiff also alleges Defendants retaliated against him. A prima facie case for retaliation requires Plaintiff to prove: (1) he engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) a causal connection exists between the first two elements. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). In short, Plaintiff must allege he engaged in constitutionally protected activity and Defendants attempted to penalize him for doing so. *Id.*

Plaintiff's retaliation claim is stated entirely as a legal conclusion -- he alleges no facts in support and does not otherwise explain it. To meet the pleading requirements of Federal Civil Rule 8, Plaintiff must allege enough facts to raise his right to relief above the speculative level assuming all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. In other words, Plaintiff must include more than labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Id.* Plaintiff does not do so, and, even liberally construing his claim, he has offered no more than the sheer possibility that one or more of Defendants may have acted unlawfully. This is insufficient to state a claim for relief. *Iqbal*, 129 S.Ct. at 1949.

**Defendants Did Not Violate Plaintiff's Eighth Amendment Rights**

Plaintiff also claims Defendants violated his Eighth Amendment rights. However, as with his retaliation claim, Plaintiff fails to allege enough facts to raise this right to relief above the level of mere speculation.

The Eighth Amendment embodies "broad and idealistic concepts of dignity, civilized standards, humanity, and decency," against which courts must evaluate penal measures. *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). In *Wilson v. Seiter*, the Supreme Court set forth a framework for determining whether certain conditions of confinement constitute "cruel and unusual punishment"

5

prohibited by the Eighth Amendment. 501 U.S. 294, 298 (1991). First, Plaintiff must plead facts which, if true, establish a sufficiently serious deprivation occurred. *Id.* Seriousness is measured objectively, in response to "contemporary standards of decency." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992) (citing *Estelle*, 429 U.S. at 103). Second, Plaintiff must establish a subjective element: he must demonstrate prison officials acted with a culpable mental state. *Hudson*, 503 U.S. at 9. Routine discomforts of prison life do not suffice. *Id.* Only "deliberate indifference" to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment. *Id.* "Deliberate indifference" is characterized by obduracy or wantonness -- it cannot be predicated on negligence, inadvertence, or good faith error. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

In the present case, Plaintiff fails to allege facts to support both the objective and subjective elements of his Eighth Amendment claim. Although he alleges he has not eaten since his placement in segregation on November 17, 2011, Defendants have not deprived him of food -- the refusal to eat is his own. The fact Plaintiff prefers the food from the commissary is irrelevant. There is no allegation the prison food poses health threats or is otherwise unfit for consumption. The Eighth Amendment affords protection against inhumane prison conditions, deprivations of basic necessities, or dangers to health and safety. *Estelle*, 429 U.S. at 102. Despite Plaintiff's argument, it does not guarantee the right to tasty food.

Even if a deprivation existed, Plaintiff does not allege Defendants acted with deliberate indifference. He does not allege any facts to describe the actions taken by each Defendant he names in the Complaint. An official acts with "deliberate indifference" when he acts with criminal

6

recklessness, a state of mind that requires that the official act with conscious disregard of a substantial risk of serious harm. *Farmer*, 511 U.S. at 837. A bare bones assertion suggesting a defendant imposed cruel and unusual punishment, without more, is insufficient to show "deliberate indifference."

### Plaintiff Was Not Denied Due Process

Plaintiff further alleges Defendants denied him due process. It is unclear whether he is attempting to assert he was placed in segregation without due process, or whether he was deprived of the food in his footlocker without due process. Regardless, both claims require dismissal.

The Fourteenth Amendment provides a state may not "deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV. In addition to setting the procedural minimum for deprivations of life, liberty, or property, the Due Process Clause bars "certain government actions regardless of the fairness of the procedures used to implement them." *Daniels v. Williams*, 474 U.S. 327, 331 (1986). It does not prohibit every deprivation by the state of a person's life, liberty or property. *Harris v. City of Akron*, 20 F.3d 1396, 1401 (6th Cir. 1994). Only deprivations of constitutionally protected interests which are conducted without due process are subject to suit under 42 U.S.C. § 1983. *Id.*

As a natural consequence of incarceration, prisoners like Plaintiff have narrower liberty interests than other citizens. *Sandin v. Conner*, 515 U.S. 472, 485 (1995). The question of what process is due is answered only if the inmate establishes a deprivation of a constitutionally protected liberty interest. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). Standing alone, the Due Process Clause confers no liberty interest from state action taken within the sentence imposed. *Sandin*, 515 U.S. at 480. "Discipline by prison officials in response to a wide range of misconduct falls within the expected parameters of the sentence imposed by a court of law." *Id.* at 485. Plaintiff's placement

7

in disciplinary confinement generally will not implicate a protected liberty interest unless it is accompanied by a withdrawal of good time credits or is for a significant period of time that presents an unusual hardship on the inmate. *Sandin*, 515 U.S. at 484. Plaintiff has not alleged either of these conditions applies to his disciplinary placement.

Plaintiff also fails to state a claim for denial of due process in the deprivation of food from his footlocker. To state a claim for denial of procedural due process, Plaintiff must plead and prove either that he was deprived of property as a result of an established state procedure that itself violates due process rights; or he must allege Defendants deprived him of property through a random and unauthorized act and available state remedies would not be adequate to redress the deprivation. *Macene v. MJW, Inc.*, 951 F.2d 700, 706 (6th Cir 1991). Plaintiff is not challenging an established state procedure. Instead, he is asserting he was deprived of his food purchases due to Defendants' unauthorized acts. He therefore must also allege state remedies for redressing the wrong are inadequate. *Macene*, 951 F.2d at 706. Prisoners may pursue recourse for property deprivations in the Ohio Court of Claims. *See Haynes v. Marshall*, 887 F.2d 700, 704 (6th Cir.1989). Plaintiff has not claimed the state remedy is inadequate.

**Defendants Did Not Violate Plaintiff's Equal Protection Rights**

Lastly, Plaintiff claims he was denied equal protection. The Equal Protection Clause prohibits discrimination by government actors which either burdens a fundamental right, targets a suspect class, or intentionally treats one differently than others similarly situated without any rational basis for the difference. *Rondigo, L.L.C. v. Township of Richmond*, 641 F.3d 673, 681–682 (6th Cir. 2011); *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 312 (6th Cir.2005). The threshold element of an equal protection claim is disparate treatment. *Scarbrough v. Morgan Cnty. Bd. of Educ.*, 470 F.3d 250, 260 (6th Cir.2006). When disparate treatment is shown, this Court decides what equal

protection analysis to utilize depending on the type of classification used by the government.

In this case, Plaintiff has not alleged he was treated differently than other inmates in the same situation. He does not suggest other inmates in segregation are permitted to purchase items at the commissary or have access to their footlockers. Absent an allegation of disparate treatment, he has not stated a claim for denial of equal protection.

## CONCLUSION

For the above reasons, the Motion is denied and this action is dismissed pursuant to 28 U.S.C. § 1915A. Further, under Section 1915(a)(3), this Court certifies an appeal could not be taken in good faith.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
    JACK ZOUHARY
    U. S. DISTRICT JUDGE

December 21, 2011