IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Edward Smith,                                           Case No. 3:11 CV 2669

               Plaintiff,                        MEMORANDUM OPINION
                                          AND ORDER
    -vs-
                                                 JUDGE JACK ZOUHARY
Gary Mohr, et al.,

               Defendants.

Before this Court is *Pro se* Plaintiff Edward Smith's timely Motion for Reconsideration (Doc. 7). Plaintiff asks this Court to vacate its December 2011 Order dismissing his case (Doc. 5), and seeks to add claims against Defendants under the Religious Land Usage and Incarcerated Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc.

Plaintiff originally filed this action under 42 U.S.C. § 1983 against Defendants, employees of the Ohio Department of Rehabilitation and Oakwood Correctional Facility, alleging he was not permitted to purchase kosher food from the commissary while he was held in disciplinary segregation (Doc. 1). He asserted claims under the First, Eighth, and Fourteenth Amendments. The Court dismissed the action under 28 U.S.C. § 1915A.

Plaintiff now contends that although he claimed the prison's kosher food was "distasteful," he meant to say it made him physically ill. He also alleges the trays on which kosher food is served are "unclean" under kosher law. Although the Warden initially denied Plaintiff's request to

purchase food from the commissary while Plaintiff was in segregation, he eventually retracted the order and accommodated Plaintiff.

Because Plaintiff fails to cite a legal basis for his request for reconsideration, this Court construes it as a Federal Civil Rule 59(e) Motion to Alter or Amend Judgment. *See Moody v. Pepsi-Cola Metro. Bottling Co.*, 915 F.2d 201, 206 (6th Cir. 1990). Rule 59(e) motions are entrusted to the sound discretion of the court. *Huff v. Metropolitan Life Ins. Co.*, 675 F.2d 119, 122 (6th Cir. 1982). The purpose of such motions is to have the court reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst and Whinney*, 489 U.S. 169, 174 (1988). Under this rule, the court has the "power to rectify its own mistakes in the period immediately following the entry of judgment." *White v. New Hampshire Dept. of Employment Sec.*, 455 U.S. 445, 450 (1982).

Generally, only four major situations justify a district court altering or amending its judgment: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Henderson v. Walled Lake Consol. Sch.*, 469 F.3d 479, 496 (6th Cir. 2006). The Rule is not designed as a vehicle to re-litigate previously considered issues, and should not be used to submit evidence or allegations which could have been previously submitted in the exercise of reasonable diligence, or as an attempt to obtain a reversal by offering the same arguments previously presented. *See Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998); *Keweenaw Bay Indian Cmty. v. United States*, 940 F.Supp. 1139, 1140–41 (W.D. Mich.1996).

After reviewing the Motion, this Court is convinced Plaintiff fails to demonstrate grounds for relief under Rule 59(e). Disagreement with this Court's decision is not a valid ground for a Rule 59(e) motion. *See Earls v. Herrington*, 2010 WL 889890, *2 (E.D. Mich. 2010). Moreover,

2

Plaintiff does not argue the law cited in the Opinion has changed, does not offer newly discovered evidence, and does not suggest this Court made a clear error of law. He revisits arguments made in his Complaint, and also attempts to add new claims and allegations, neither of which can be considered under Rule 59(e). *See Keweenaw Bay*, 904 F.Supp. at 1141. The only other ground for this Court to grant Plaintiff's Motion is to prevent "manifest injustice." But, as Plaintiff concedes, the Warden made an exception to the prison's policy to allow him to purchase food from the commissary while in segregation. And with that, Plaintiff fails the final test under Rule 59(e).

Accordingly, the Motion is denied.

IT IS SO ORDERED.

                                                              s/ *Jack Zouhary*
                                                        JACK ZOUHARY
                                                        U. S. DISTRICT JUDGE

March 21, 2012

3